UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.                                                   **DECISION AND ORDER**

                                                     10-CR-00125-WMS-JJM
GREGORY MAGNESS
JUSTIN MAGNESS
ELDON BOTT,

           Defendants.
_____

        This case was referred to me by Hon. William M. Skretny for supervision of all pretrial proceedings [2].[1] Oral argument of defendants' pretrial motions was held on October 10, 2013. Currently before me is the request by defendants Gregory and Justin Magness for certain discovery in connection with their motion to suppress physical evidence which was allegedly seized outside the scope of a July 14, 2005 search warrant issued by United States Magistrate Judge Francis X. Caiazza. Greenman Affidavit [73], ¶¶156, 170.[2] For the following reasons, I conclude that defendants are entitled to the requested discovery.

## ANALYSIS

        Defendants are charged in a Superseding Indictment [28] with, *inter alia*, conspiracy to defraud the United States, in violation of 18 U.S.C. §371. Id., Count 1. In connection with the investigation that led to these charges, on July 14, 2005 Judge Caiazza issued a search warrant for the "Offices of Magness & Magness[,] 484 Allegheny Boulevard[,]

---

    [1]    Bracketed references are to the EM/ECF docket entries.

    [2]    Defendant Justin Magness has joined in the motions of his co-defendant Gregory Magness. LaTona Affidavit [72], ¶¶58-59.

Franklin, Pennsylvania 16323", which was executed on July 19, 2005. [72-1], p. 2 of 92.

According to defendants, "there were two offices located in the suite of offices at the premises [484 Allegheny Boulevard], Magness and Magness, as well as Superior Metal Powders." Greenman Affidavit [73], ¶156. "[E]ven though, by description, the Magistrate Judge only authorized a search at Magness and Magness, not Superior Metal Powders, Inc.", defendants believe that the entire suite of offices was searched. Id. Therefore, they seek to suppress "all items seized from the area in the premises where the office of Superior Metal Powders was searched". Id., ¶157. In connection with this motion, they seek an itemization of all materials seized pursuant to the search warrant, including an indication of "from where each of the documents were seized". Id., ¶170.[3] They also reserve their right to request an evidentiary hearing in connection with this motion. Id., ¶169.

Thus far, evidentiary hearings have been conducted in connection with defendants' motions to suppress statements and physical evidence seized pursuant to consent searches. Although these hearings have addressed distinct issues, they shed some light on the motion at issue here. For example, ICE Agent Michael Opferman testified that he was directed to conduct surveillance of 484 Allegheny Boulevard and to "basically get a description of the properties". March 20, 2013 hearing transcript [183], p. 19. Agent Opferman testified that the building landlord, Bruce Taylor, told him that "there were two properties that were rented on the second floor. Superior Metal Powders was one, which I indicated was Magness and Magness, and the other, I believe, was . . . the Department of Conservation and Public Works . . . . The

---

[3] Although the government has represented that it has provided defendants with "a copy of items seized from the search warrant", it does not indicate that it has identified from where each of the items were seized. Government's Consolidated Response [104], Point XIII.

other properties he had indicated to me were all vacant on the second floor." Id., p. 21. Defendants have supplied the lease agreement for 484 Allegheny Boulevard, Suite D, which states that the premises were leased to Superior Metal Powders ([72-1], pp. 77-81of 92), not to Magness & Magness.

The affidavit supporting the search warrant for the Offices of Magness and Magness identified Superior Metal Powders as being the same entity as Magness and Magness [72-1], p. 42 of 92, ¶64 ("The billing records contain . . . an invoice from ITG to Superior Metal Powders (also known as Magness & Magness)"). The government's report of the July 19, 2005 search likewise states that "a search warrant was executed at 484 Allegheny Boulevard suite D . . . . Suite D is the business address for Gregory & Justin Magness, dba as Magness and Magness and also as Superior Metal Powders". [72-1], p. 85 of 92. However, this report also indicates that during the execution of the search warrant, Justin Magness told authorities that "Superior Metal Powders is a joint venture with [ESM Group, Inc.] The partnership is divided into our part which is the sales force and ESM which is the manufacturing aspect of the business. 60% goes to ESM, 40% to Magness & Magness." Id., p. 86 of 92.

As the record currently stands, it is not evident whether Magness & Magness maintained an office or materials distinct from Superior Metal Powders and, if so, whether the search extended to the office or materials of Superior Metal Powders. It is also not clear whether Magness & Magness and Superior Metal Powders are separate entities. In any event, it is evident that Superior Metal Powders leased an office at 484 Allegheny Boulevard and that some portion of these premises was searched on July 19, 2005. Therefore, I conclude that, at minimum, defendants are entitled to an itemization of what was seized from the search, and the location

from where it was seized.

## CONCLUSION

For these reasons, by November 6, 2013, the government shall provide defendants Gregory and Justin Magness with an itemization of the materials seized during the execution of the July 14, 2005 search warrant for the Offices of Magness and Magness, including identification, if possible, from where each item was seized. By November 20, 2013, defendants may supplement their motion to suppress, including by submission of affidavits (or declarations) on personal knowledge, and the government may respond by December 4, 2013. A conference to address these submissions is scheduled for December 10, 2013 at 11:00 a.m.

Since defendants' pretrial motions remain pending, the time through December 10, 2013 remains excluded from the Speedy Trial Act calendar pursuant to 18 U.S.C. §3161(h)(1)(D).

**SO ORDERED**

Dated: October 16, 2013

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge