UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

**DECISION AND ORDER**
10-CR-125S (1), (2)

GREGORY MAGNESS and JUSTIN MAGNESS,

Defendant.

On February 2, 2015, this Court entered a Preliminary Order of Forfeiture following Defendant Gregory Magness's pleas of guilty to conspiracy to smuggle merchandise into the United States, in violation of 18 U.S.C. § 371, and conspiracy to engage in monetary transactions in violation of 18 U.S.C. § 1957, in violation of 18 U.S.C. § 1956 (h). (Docket No. 325.)

The Order included the forfeiture of $58,943.23 seized from National City Bank of Pennsylvania from an account owned by Superior Metal Powders, LLC. These monies were forfeited pursuant to 18 U.S.C. §§ 981 (a)(1)(C) (providing for forfeiture to the United States of any property constituting or derived from proceeds traceable to certain criminal conduct), 982 (a)(1) (requiring forfeiture to the United States of any property involved in violations of, *inter alia*, 18 U.S.C. §§ 1956, 1957, or any property traceable to such property), and 28 U.S.C. § 2461 (c).

On April 1, 2015, Defendant Justin Magness, who himself pled guilty to aiding and abetting in the presentation of a false document to Customs officers, in violation of 19 U.S.C. §§ 1436 (a)(2), 1436 (c), and 18 U.S.C. § 2, filed a Petition seeking $29,471.61 (half of the $58,943.23 seized from National City Bank of Pennsylvania) on the basis that

he possessed a one-half ownership in the forfeited monies because of his one-half ownership in Superior Metal Powders, LLC. (Docket No. 329.)

On April 30, 2015, the government filed a Motion to Dismiss Justin Magness's Petition on the grounds that he lacks standing to contest the forfeiture and fails to state a claim upon which relief can be granted. Because the government is correct on both fronts, its Motion to Dismiss will be granted.

Forfeiture here is governed by 18 U.S.C. §§ 981 and 982, which incorporates the procedures set forth in 21 U.S.C. § 853. See 18 U.S.C. § 982(b)(1). Section 853 (a)(1) requires forfeiture of "any property constituting, or derived from, any proceeds the person obtained, directly or indirectly" as the result of the criminal conduct. Title to the forfeited property vests in the United States "upon the commission of the act giving rise to forfeiture." 21 U.S.C. § 853(c).

Section 853(n) provides ancillary proceedings for resolving third-party interests in property subject to forfeiture. It requires the government to publish notice of the forfeiture order and allows 30 days for interested third parties to petition the court for a hearing to adjudicate their interests. 21 U.S.C. §§ 853(n)(1) and (2). Under Rule 32.2 (c)(1)(A) of the Federal Rules of Criminal Procedure, a court may dismiss a petition for lack of standing, for failure to state a claim, or for any other lawful reason. But if a hearing is necessary, it occurs before the court, not a jury, and petitioners are entitled to testify, present evidence and witnesses, and cross examine any other witnesses who testify. 21 U.S.C. §§ 853(n)(2) and (5). The government is entitled to present its case-in-opposition in the same manner. 21 U.S.C. § 853(n)(5).

To establish a claim, a petitioner must prove, by a preponderance of the evidence,

that

> (1) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

> (2) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under [21 U.S.C. § 853].

21 U.S.C. § 853 (n)(6).

After hearing all the evidence and resolving the petition, a court must amend the order of forfeiture, if necessary, based on its determination. Id.

Here, the government has moved to dismiss the Petition under Rule 32.2 (c)(1)(A) due to lack of standing and failure to state a claim. Justin Magness maintains that he has standing because he possesses a one-half interest in Superior Metal Powders, LLC, the limited liability company located in Pennsylvania that owned the bank account from which the $58,943.23 was seized, and therefore, a one-half interest in those funds. Under Pennsylvania law, however, any property transferred to or otherwise acquired by a limited liability company becomes the property of the company. See 15 Pa. C.S. § 8923 (a). As such, no individual has an ownership interest in the property of a Pennsylvania limited liability company. See id. ("A member has no interest in specific property of a company."). Justin Magness's one-half interest in Superior Metal Powders, LLC, therefore does not serve as a basis for standing. Consequently, because Justin Magness cannot establish a legal right, title, or interest in the forfeited property, he lacks standing and cannot state

a claim.[1]  See 21 U.S.C. § 853 (n)(6). The government's motion must therefore be granted.


IT HEREBY IS ORDERED, that the government's Motion to Dismiss Justin

Magness's Petition (Docket No. 339) is GRANTED.

FURTHER, that Justin Magness's Petition (Docket No. 329) is DISMISSED.

SO ORDERED.


Dated:   August 30, 2015
            Buffalo, New York


                                                          /s/William M. Skretny
                                                         WILLIAM M. SKRETNY
                                                       United States District Judge

---

[1]This Court notes for the sake of completeness that even if Justin Magness demonstrated proper standing and a valid interest in the forfeited funds, he has made no showing whatsoever that the funds are not proceeds of or derived from criminal activity, such that he would have an interest in them superior to the government's forfeiture interest under the relation-back doctrine.